An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN A. SANGSTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60885

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary, stop required on signal of police officer, malicious injury to a vehicle, grand larceny auto, and malicious destruction of property. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

First, appellant Brian Sangster argues that his conviction violates double jeopardy because his previous trial for the same offenses ended in a mistrial. Although the double jeopardy clause prohibits putting a defendant in jeopardy twice for the same offense, a defendant may be tried again if he consents to a mistrial or, even if the defense objects, the district court determines that manifest necessity requires a mistrial. Glover v. Dist. Ct., 125 Nev. 691, 709, 220 P.3d 684, 696 (2009). However, "where a 'prosecutor is responsible for the circumstances which necessitated declaration of a mistrial,' double jeopardy will prevent retrial of the defendant." Rudin v. State, 120 Nev. 121, 142, 86 P.3d 572, 586 (2004) (quoting Hylton v. District Court, 103 Nev. 418, 422, 743 P.2d 622, 625 (1987)). Sangster moved for, and the district court granted, a mistrial in his first trial after a juror asked the district court if the jury was able to question the defendant. Sangster does not allege that the prosecutor in

13-07691

this case is responsible for the error at his first trial and instead faults the system that allows for jurors to ask questions, but submits that because the problem is caused by a procedure it should be attributed to the prosecutor. We find this argument unpersuasive, and conclude that double jeopardy is not implicated because Sangster consented to the mistrial and the error was not caused by the State.

Second, Sangster argues that the district court erred by instructing the jury that he was innocent "until" proven guilty as opposed to innocent "unless" proven guilty. Sangster asserts that using the word "until" implies that the jury should inevitably find him guilty, nullifying the presumption of innocence. However, the instruction also stated that the State had a burden of proving the elements of the crime beyond a reasonable doubt and that Sangster was entitled to a verdict of not guilty if the jury had a reasonable doubt as to his guilt. Other instructions also emphasized the State's burden. Accordingly, we conclude that the district court did not abuse its discretion by giving the instruction. See Blake v. State, 121 Nev. 779, 799, 121 P.3d 567, 580 (2005) (instruction stating that the defendant was innocent until proven guilty plainly implied that guilt might not be proven).

Having considered Sangster's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Michelle Leavitt, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A